| United States Bankruptcy Court<br>Eastern District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Mouras, Belton Jr.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete<br>EIN (if more than one, state all): **0920** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete<br>EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**1449 Kingsford Drive<br>Carmichael, CA**<br><br>ZIPCODE **95608** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**Sacramento** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**2009-37262**
**FILED**
August 14, 2009
4:09 PM
**RELIEF ORDERED**
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002025772

**Estimated Number of Creditors**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Mouras, Belton  Jr.** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X _____<br>    Signature of Attorney for Debtor(s)           Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.<br>
☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord or lessor that obtained judgment)

_____

(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Mouras, Belton Jr.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____    **Belton Mouras, Jr.**
   Signature of Debtor

X _____
   Signature of Joint Debtor

Telephone Number (If not represented by attorney) _____

Date   8/14/09

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   Signature of Foreign Representative

   _____
   Printed Name of Foreign Representative

   _____
   Date

### Signature of Attorney*

X _____
   Signature of Attorney for Debtor(s)

**David M. Meegan 114549**
**Meegan, Hanschu & Kassenbrock**
**11341 Gold Express Drive, Suite 110**
**Gold River, CA 95670-4492**
**(916) 925-1800 Fax: (916) 925-1265**
**mgillis@mhksacto.com**

8/4/09
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

_____
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

   _____
   Printed Name of Authorized Individual

   _____
   Title of Authorized Individual

   _____
   Date

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Eastern District of California**

IN RE:                                                         Case No. _____

Mouras, Belton Jr. _____ Chapter **7** _____

<div align="center">Debtor(s)</div>

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: _____

Date: _____8/14/09_____

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 00478-CAE-CC-007679840

# CERTIFICATE OF COUNSELING

I CERTIFY that on July 14, 2009 , at 2:15 o'clock PM PDT ,

Belton P Mouras, jr received from

Springboard Nonprofit Consumer Credit Management, Inc. ,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Eastern District of California , an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared . If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet .

Date: July 14, 2009          By     /s/Lucas Kimble

                             Name   Lucas Kimble

                             Title  Certified Financial Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

## United States Bankruptcy Court
## Eastern District of California

IN RE:                                                    Case No. _____

**Mouras, Belton  Jr.** _____      Chapter **7** _____

<center>Debtor(s)</center>

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 54,433,434.00 | | |
| B - Personal Property | Yes | 4 | $ 1,050,418.69 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 79,849,514.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $ 6,101,142.06 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 26,115.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 14,172.00 |
| | TOTAL | 16 | $ 55,483,852.69 | $ 85,950,656.06 | |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

<center>13</center>

# United States Bankruptcy Court
## Eastern District of California

IN RE:                                                    Case No. _____

Mouras, Belton Jr. _____          Chapter 7 _____
                        Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE <u>Mouras, Belton  Jr.</u>                                              Case No. _____

<div align="center">Debtor(s)                                                                    (If known)</div>

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| (See attached Attachment A listing all real properties owned by debtor.  The values for the various parcels of real property were obtained from the cyberhomes.com website in order to provide a consistent methodology of valuation throughout the bankruptcy schedules. While the Cyberhomes' valuations are generally accurate, it is highly likely that some values will be high and some will be low, due to changing market conditions that haven't yet been taken into account in the valuation process.  The actual values of the properties can only be established by determining what a real purchaser will pay for the properties at an arm's length transaction.) | | | 10,971,284.00 | See Attachment A |
| 1449 Kingsford Drive Carmichael, CA 95608 (debtor's residence; the debtor's residence is held in the name of the debtor's revocable trust) | | | $1,134,629.00 (included in amount listed immediately below) | See Attachment A |
| Real properties held in the name of entities owned in whole or in part by Mr. Mouras are listed in a separate attachment to this Schedule A ("Attachment (Schedule A) (Properties Owned by LLC's"). | | | 43,462,150.00 | See Attachment A |
| Please also read reporting methodology explanatory notes on second pages of Attachment A (first pages are cover sheets). | | | | |
| NOTE: In January/February 2009,  Mr. Mouras had many of his properties transferred into various single member LLC's for ease of management.  In June 2009 he hired an ex-title officer to check titles on all of his California properties.  After that title search was completed, a few discrepancies were discovered, so Mr. Mouras engaged a title customer service rep from Fidelity National Title to cross check the discrepancies and reconcile any differences.  To the best of Mr. Mouras's knowledge, the titles as shown in the schedules are accurate. However, there may be a few remaining errors.  Regardless, titles to all properties are held by either Belton Mouras or one of his LLC's. | | | | |
| | | TOTAL | 54,433,434.00 | |

<div align="right">(Report also on Summary of Schedules)</div>

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Mouras, Belton  Jr.**                              Case No. _____
                    Debtor(s)                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | **Cash on hand** | H | 245.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bridge Bank** 55 Almaden Boulevard San Jose, CA 95113 Account Ending in 6409 | H | 1,067.01 |
| | | **California Bank & Trust** P.O. Box 25787 Salt Lake City, UT 84125-0708 Account Ending in 7296 | H | 1,269.45 |
| | | **Exchange Bank** P.O. Box 760 Santa Rosa, CA 95402 Account Ending in 0890 | H | 309.00 |
| | | **Irwin Union** P.O. Box 929 Columbus, IN 47202 Account Ending in 0608 | H | 1,269.00 |
| | | **Irwin Union** P.O. Box 929 Columbus, IN 47202 Account Ending in 0493 | H | 1,052.85 |
| | | **Mechanics Bank** P.O. Box 1786 Richmond, CA 94802 Account Ending in 1289 | H | 0.00 |
| | | **Nevada Security Bank** 9990 Double R Road Reno, NV 89521 Account Ending in 08092 | H | 0.00 |
| | | **Tri Counties Bank** 63 Constitution Drive Chico, CA 95973 Account Ending in 2677 | H | 0.00 |
| | | **Umpqua Bank** P.O. Box 1820 Rosenburg, OR 97470 Accounting Ending in 7265 | H | 0.00 |
| | | **Washington Mutual Bank** 1301 Second Avenue Seattle, WA 98101 | H | 1,393.00 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE <u>Mouras, Belton  Jr.</u>                                          Case No. _____
                 Debtor(s)                                                     (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | **Account Ending in 938-6** | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | **Normal household goods and furnishings, including but not limited to, chairs, couches, beds, tables, dishes, piano, synthesizer, speakers, TV's, knick knacks, etc.** | H | 18,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Debtor paints and has various pieces of his own art work, as well as a few other items of non-original "art."** | H | nominal |
| 6.  Wearing apparel. | | **Men's clothing** | | 1,000.00 |
| 7.  Furs and jewelry. | | **Wedding ring** | H | 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **Comic books** | H | 250.00 |
| | | **Glock 17 handgun; Ruger mini 14 rifle; Smith and Wesson 38 caliber handgun (value listed is for all three firearms)** | H | 950.00 |
| | | **Two bicycles, life cycle, treadmill, golf clubs** | H | 950.00 |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Banner Life Insurance (term life insurance policy; no cash or surrender value)** | | 0.00 |
| 10.  Annuities. Itemize and name each issue. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **The Mouras Group, Inc., pension plan/401(k) (vested interest)** The debtor takes the position this plan is not property of the bankruptcy estate (Patterson v. Shumate).  However, in an abundance of caution, in the event the plan is determined to be property of the estate, the debtor claims it exempt in its entirety pursuant to CCP §704.115. | H | 359,519.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | **1,198 shares of common stock in Irwin Union Bank (current value is $.75/share)** | | 898.50 |
| | | **Stock in Maverick Media (debtor paid $500 at purchase; likely worthless)** | | nominal |
| | | **The Mouras Group, Inc. (debtor has 100% interest; however, balance sheet equity and liquidation value are both zero)** | H | 0.00 |
| 14.  Interests in partnerships or joint ventures. Itemize. | | **LLC's formed less than a year ago (see Exhibit B14)** | H | 564,437.24 |
| | | **LLC's formed more than a year ago (see Exhibit B14)** | | 31,718.00 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Mouras, Belton  Jr.**                     Case No. _____
                    Debtor(s)                                          (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Notes receivable (see attached Exhibit B18) (collectability is uncertain) | | unknown |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | Belton Mouras, Jr. Revocable Living Trust established on February 19, 2009 (this estate planning trust's assets are acknowledged to be property of the debtor's bankruptcy estate) | H | 0.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Debtor has 50% in a $23,731.28  judgment against Susie Gow Low (collectability is uncertain) | H | 11,865.64 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2005 CL 65 AMG Mercedes mileage: 47,832 VIN: EIN WDBPJ79J75A044402 | H | 53,725.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Mouras, Belton Jr.     Case No. _____
     Debtor(s)         (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 1,050,418.69 |

___0___ continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Mouras, Belton  Jr.                        Case No. _____

                Debtor(s)                                                      (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds $136,875.
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| 1449 Kingsford Drive Carmichael, CA 95608 (debtor's residence; the debtor's residence is held in the name of the debtor's revocable trust) | CCCP § 704.730(a)(2) and 704.720 | 75,000.00 | 0.00 |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| Cash on hand | CCCP § 704.070 | 75% | 245.00 |
| Bridge Bank 55 Almaden Boulevard San Jose, CA 95113 Account Ending in 6409 | CCCP § 704.070 | 75% | 1,067.01 |
| California Bank & Trust P.O. Box 25787 Salt Lake City, UT 84125-0708 Account Ending in 7296 | CCCP § 704.070 | 952.09 | 1,269.45 |
| Exchange Bank P.O. Box 760 Santa Rosa, CA 95402 Account Ending in 0890 | CCCP § 704.070 | 75% | 309.00 |
| Irwin Union P.O. Box 929 Columbus, IN 47202 Account Ending in 0608 | CCCP § 704.070 | 951.75 | 1,269.00 |
| Irwin Union P.O. Box 929 Columbus, IN 47202 Account Ending in 0493 | CCCP § 704.070 | 789.64 | 1,052.85 |
| Washington Mutual Bank 1301 Second Avenue Seattle, WA 98101 Account Ending in 938-6 | CCCP § 704.070 | 1,044.75 | 1,393.00 |
| Normal household goods and furnishings, including but not limited to, chairs, couches, beds, tables, dishes, piano, synthesizer, speakers, TV's, knick knacks, etc. | CCCP § 704.020 | 100% | 18,000.00 |
| Debtor paints and has various pieces of his own art work, as well as a few other items of non-original "art." | CCCP § 704.020 | 100% | nominal |
| Men's clothing | CCCP § 704.020 | 100% | 1,000.00 |
| Wedding ring | CCCP § 704.040 | 500.00 | 500.00 |
| Comic books | CCCP § 704.020 | 100% | 250.00 |
| Glock 17 handgun; Ruger mini 14 rifle; Smith and Wesson 38 caliber handgun (value listed is for all three firearms) | CCCP § 704.020 | 100% | 950.00 |
| Two bicycles, life cycle, treadmill, golf clubs | CCCP § 704.020 | 100% | 950.00 |
| The Mouras Group, Inc., pension | CCCP § 704.115(b) | 100% | 359,519.00 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Mouras, Belton Jr.        Case No. _____
<br>
<div style="text-align:center">Debtor(s)            (If known)</div>

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| plan/401(k) (vested interest) The debtor takes the position this plan is not property of the bankruptcy estate (Patterson v. Shumate). However, in an abundance of caution, in the event the plan is determined to be property of the estate, the debtor claims it exempt in its entirety pursuant to CCP §704.115. | | | |
| 2005 CL 65 AMG Mercedes mileage: 47,832 VIN: EIN WDBPJ79J75A044402 | CCCP § 704.010 | 2,550.00 | 53,725.00 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Mouras, Belton Jr.**        Case No. _____

<div align="center">Debtor(s)                     (If known)</div>

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Lenders On Debtor-Owned Real Estate (See Attachment D)** | | | Debtor owns and/or controls entities owning numerous pieces of real property. Submitted separately as Attachment D are listings, separated by debtor's entities, which reflect: (i) the addresses of the real property owned by those entities, (ii) the current estimated market values of the properties, (iii) the | | | | | |
| ACCOUNT NO. | | | lenders, and (iv) the amounts owed to those lenders. After deducting all encumbrances from the values of the properties listed on Attachment D, no equity remains (i.e., total negative value is -$16,665,219.10). | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO.<br>**Secured Lenders Holding 1st Deeds (See Attachment D)** | | | | | | | 66,272,462.00 | See * below |
| | | | VALUE $ | | | | | |
| ACCOUNT NO.<br>**Secured Lenders Holding 2nd Deeds (See Attachment D)** | | | | | | | 13,577,052.00 | See * below |
| | | | VALUE $ | | | | | |
| _0_ continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | $ 79,849,514.00 | $ |
| | | | Total<br>(Use only on last page) | | | | $ 79,849,514.00 | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

**\* – Unsecured portions of both types of debt total approximately $25,000,000**

# <u>Schedule D - Footnote</u>

- Irwin Union Bank holds a promissory note in the face amount of $2,700,000 (Loan No. 400073129), which is secured by the following single family residences and duplexes:

722-724 Woodcrest Circle, New Braunfels, TX 78130
3906 Bourbon Street, Harlingen, TX 78550
920 and 922 McGar, New Braunfels, TX 78130
5503 and 5505 Roanwood, San Antonio, TX 78244
5507 and 5009 Roanwood, San Antonio, TX 78244
1561 Kraft Lane, New Braunfels, TX 78130
1514 Narcissus Boulevard, New Braunfels, TX 78130
1522 Narcissus Boulevard, New Braunfels, TX 78130
5358-5360 Gawain Drive, San Antonio, TX 78218
4709-4711 Echo Bend Circle, San Antonio, TX 78250

- Irwin Union Bank holds a promissory note in the face amount of $3,150,000 (Loan No. 400063229), which is secured by the following single family residences and duplexes:

7571 #1 and #2 and 7565 A, B, and C Twin Oaks Avenue, Citrus Heights, CA 95610
6452 and 6454 Mauana Way, Sacramento, CA 95610
2608 T Street (Nos. 1-7), Sacramento, CA 95816
101027 and 10129 Satow Drive, Sacramento, CA 95827
2965 and 2967 Connie Drive, Sacramento, CA 95815
5200 A and 5200 B Standish Road, Sacramento, CA 95820
5202 A and 5202 B Standish Road, Sacramento, CA 95280
2705 and 2707 Matheson Way, Sacramento, CA 95864
3325 and 3327 Gould Way, Sacramento, CA 95827

- Irwin Union Bank holds a promissory note in the face amount of $5,800,000 (Loan No. 400472299), which is secured by the following single family residences and duplexes:

5218 and 5220 Gordon Drive, Sacramento, CA 95824
2312-2314 Ramon Drive, Sacramento, CA 95825
2188 and 2190 McGregor Drive, Rancho Cordova, CA 95670
7013-7015 Amsterdam Avenue, Citrus Heights, CA 95621
7024-7026 Amsterdam Avenue, Citrus Heights, CA 95621

4160 Elvas Avenue, Sacramento, CA 95819
10187 Crawford Way A and B, Sacramento, CA 95827
6517 and 6519 Hillsdale, Sacramento, CA 95824
7024-7026 Amsterdam, Citrus Heights, CA 95621
10168-10170 Crawford Way, Sacramento, CA 95827
7145 Blue Springs Way, Citrus Heights, CA 95621
6649 Weatherby Way, Sacramento, CA 95842
4425 Arrowood Court, Sacramento, CA 95842
5218-5220 Gordon Drive, Sacramento, CA 95824
2312/14 Ramon Drive, Sacramento, CA 95825
6517/19 Hillsdale Boulevard, Sacramento, CA 95842
741 A and B McClatchy Way, Sacramento, CA 95818
2900-2940 38th Avenue, Sacramento, CA
1309-1311 63rd Street, Sacramento, CA 95819
3325 Cahill Court, Sacramento, CA 95827
9953 Redstone Drive, Sacramento, CA 95827
4205 Frizell Avenue, Sacramento, CA 95842
208 and 210 La Purissima Way, Sacramento, CA 95819
2628 and 2630 La Mesa Way, Sacramento, CA 95825
9428 Roseport Way, Sacramento, CA 95826
7634-7636 San Simeon Drive, Citrus Heights, CA 95610
10418 South White Rock Road, Rancho Cordova, CA 95670
1530 Belinda Way, Sacramento, CA 95822
3354 Swaim Court, Sacramento, CA 95838
5 E. Al Court, Sacramento, CA 95838
2114 Oneil Way, Sacramento, CA 95822
3601 Pinell Street, Sacramento, CA 95838
7329 Stockdale Street, Sacramento, CA 95822
4537 Lippi Parkway, Sacramento, CA 95823
1591 Belinda Way, Sacramento, CA 95822

The above obligations are accounted for in Schedule D by splitting the obligation
between the various properties constituting Irwin Union Bank's collateral.

IN RE **Mouras, Belton  Jr.**                                      Case No. _____
         Debtor(s)                                                        (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **0** continuation sheets attached

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE **Mouras, Belton Jr.**_____  Case No. _____
                    Debtor(s)                                          (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **XXXXXXXXXX1005**<br><br>**American Express**<br>**1005**<br>**P.O. Box 0001**<br>**Los Angeles, CA 90096** | X | H | **Date of last charge: 3/1/09**<br>**Consideration: credit card** | | | | **6,360.59** |
| ACCOUNT NO. **XXXXXXXXXX2004**<br><br>**American Express**<br>**2004**<br>**P.O. Box 0001**<br>**Los Angeles, CA 90096** | | H | **Date of last charge: 5/25/09**<br>**Consideration: business credit card used** | | | | **29,943.26** |
| ACCOUNT NO.<br><br>**Bank Of America**<br>**2257**<br>**P.O. Box 15726**<br>**Wilmington, DE 19886** | | H | **Date of last charge: 5/26/09**<br>**Consideration: credit card** | | | | **34,237.60** |
| ACCOUNT NO.<br><br>**Bank Of America**<br>**3070**<br>**P.O. Box 851001**<br>**Dallas, TX 75285** | | H | **Date of last charge: 5/21/09**<br>**Consideration: credit card** | | | | **1,252.99** |

____  **2** continuation sheets attached

| | Subtotal (Total of this page) | $ 71,794.44 |
|---|---|---|
| | Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

24

IN RE <u>Mouras, Belton  Jr.</u>            Case No. _____
<div align="center">Debtor(s)                                      (If known)</div>

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Belton Mouras, Sr.<br>222 California Loop<br>San Francisco, CA  95822 | | | Date: 2005<br>Consideration: personal loan | | | | 45,000.00 |
| ACCOUNT NO.<br>Brad Meyers<br>7712 Bierston Street<br>Citrus Heights, CA  95621 | | | Asserted wage claim by ex-employee | X | X | X | unknown |
| ACCOUNT NO. XXXXXXXXXXXX6653<br>Comerica Bank<br>6653<br>P.O. Box 790408<br>St. Louis, MO  63179 | | H | Date of last charge: 5/4/09<br>Consideration: credit card | | | | 2,542.71 |
| ACCOUNT NO. XXXXXXXX25-26<br>Comerica Bank<br>1717 Main Street<br>Dallas, TX  75201 | | H | Date incurred: 7/13/05<br>Consideration: credit line | | | | 1,000,000.00 |
| ACCOUNT NO.<br>D&S<br>1733 C Street<br>Rio Linda, CA  95673 | | | Date: 2008<br>Consideration: construction work | | | | 129,000.00 |
| ACCOUNT NO.<br>Dolores Mouras<br>1449 Kingsford Drive<br>Carmichael, CA  95608 | | | Date: June 2008<br>Consideration: personal loan | | | | 373,500.00 |
| ACCOUNT NO. XX269<br>Exchange Bank<br>P.O. Box 760<br>Santa Rosa, CA  95402 | | H | Date incurred: 8/28/08<br>Consideration: credit line | | | | 1,217,000.00 |

Sheet no. ___**1**___ of ___**2**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

<div align="right">Subtotal<br>(Total of this page)    $  2,767,042.71</div>

<div align="right">Total<br>(Use only on last page of the completed Schedule F. Report also on<br>the Summary of Schedules, and if applicable, on the Statistical<br>Summary of Certain Liabilities and Related Data.)    $</div>

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only.

IN RE Mouras, Belton Jr.        Case No. _____

            Debtor(s)                            (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. XXXXX2109<br><br>Irwin Union<br>P.O. Box 929<br>Columbus, IN 47202 | | H | Date incurred: 10/19/07<br>Consideration: credit line | | | | 2,000,000.00 |
| ACCOUNT NO.<br><br>John V. Carson<br>441 Estates Drive<br>Sacramento, CA 95864 | | H | Date: 2/2008<br>Consideration: Unsecured note | | | | 115,000.00 |
| ACCOUNT NO.<br><br>Lillian Schwarz<br>181 Morningside Drive<br>San Francisco, CA 94132 | | | Date: 1990<br>Consideration: personal loan | | | | 100,000.00 |
| ACCOUNT NO. XX9110<br><br>Mechanics Bank<br>P.O. Box 1786<br>Richmond, CA 94802 | | H | Date incurred: 4/24/06<br>Consideration: credit line | | | | 465,490.91 |
| ACCOUNT NO. XXXXXX0714<br><br>Silverado Bank<br>2865 Sunrise Blvd., Ste. 112<br>Rancho Cordova, CA 95742 | | H | Date incurred: 9/22/05<br>Consideration: credit line | | | | 488,734.00 |
| ACCOUNT NO.<br><br>Tenants Who Made Security Deposits<br>(See Attachment F) | | | | | | | 0.00 |
| ACCOUNT NO. XXX0211<br><br>Umpqua Bank<br>P.O. Box 1820<br>Roseburg, OR 97470 | | H | Date incurred: 5/5/03<br>Consideration: credit line | | | | 93,080.00 |

Sheet no. ___2___ of ___2___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

                       Subtotal
          (Total of this page)    $ 3,262,304.91

                               Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)    $ 6,101,142.06

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Mouras, Belton Jr.     Case No. _____

     Debtor(s)        (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

 Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Hal and Karen Shores<br>333 Felicidad<br>Soquel, CA 95073 | Debtor has entered a business premises lease individually and dba The Mouras Group; lease is for approximately 1,292 square feet of office space located at 650 Howe Avenue, Suites 1010 and 1020, Sacramento, CA; lease term expires June 30, 2010; monthly rent is $2,261. |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE <u>Mouras, Belton Jr.</u>                                          Case No. _____
                        Debtor(s)                                                              (If known)

## SCHEDULE H - CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Mouras, Dolores<br>1449 Kingsford Drive<br>Carmichael, CA  95608<br><br>Mouras Group, Inc.<br>650 Howe Avenue, Ste. 1020<br>Sacramento, CA  95825 | (nondebtor spouse)<br><br><br>American Express<br>1005<br>P.O. Box 0001<br>Los Angeles, CA  90096 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE <u>Mouras, Belton  Jr.</u>                                    Case No. _____
                    Debtor(s)                                                        (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status<br>**Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation<br>Name of Employer   **The Mouras Group (And Rental Property Sales)**<br>How long employed<br>Address of Employer | | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

<div style="float:left; writing-mode:vertical-rl">© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</div>

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ 29,167.00 | $ _____ |
| 2. Estimated monthly overtime | $ _____ | $ _____ |
| 3. SUBTOTAL | $ 29,167.00 | $ _____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and Social Security | $ 1,677.00 | $ _____ |
| b. Insurance | $ _____ | $ _____ |
| c. Union dues | $ _____ | $ _____ |
| d. Other (specify)   401K | $ 1,375.00 | $ _____ |
| | $ _____ | $ _____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 3,052.00 | $ _____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 26,115.00 | $ _____ |
| | | |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ _____ | $ _____ |
| 8. Income from real property | $ _____ | $ _____ |
| 9. Interest and dividends | $ _____ | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ _____ | $ _____ |
| 11. Social Security or other government assistance<br>(Specify) _____ | $ _____ | $ _____ |
| | $ _____ | $ _____ |
| 12. Pension or retirement income | $ _____ | $ _____ |
| 13. Other monthly income<br>(Specify) _____ | $ _____ | $ _____ |
| | $ _____ | $ _____ |
| | $ _____ | $ _____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ _____ | $ _____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 26,115.00 | $ _____ |

**16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)            $ 26,115.00

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

IN RE **Mouras, Belton  Jr.**                                    Case No. _____
                 Debtor(s)                                                        (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $       6,485.00 |
|    a. Are real estate taxes included?  Yes ____  No ✓ | |
|    b. Is property insurance included?  Yes ____  No ✓ | |
| 2. Utilities: | |
|    a. Electricity and heating fuel | $           525.00 |
|    b. Water and sewer | $           140.00 |
|    c. Telephone | $           240.00 |
|    d. Other  **Cable/Satellite and Trash** | $           150.00 |
| | $ |
| 3. Home maintenance (repairs and upkeep) | $           350.00 |
| 4. Food | $        1,000.00 |
| 5. Clothing | $           100.00 |
| 6. Laundry and dry cleaning | $           300.00 |
| 7. Medical and dental expenses | $           200.00 |
| 8. Transportation (not including car payments) | $           390.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $           200.00 |
| 10. Charitable contributions | $        1,000.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $           250.00 |
|    b. Life | $             85.00 |
|    c. Health | $        1,093.00 |
|    d. Auto | $           350.00 |
|    e. Other  **Dental** | $             39.00 |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) **Property Taxes** | $        1,275.00 |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ |
|    b. Other  _____ | $ |
| | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other  _____ | $ |
| | $ |
| | $ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.            | $       14,172.00 |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | |
|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $       26,115.00 |
|    b. Average monthly expenses from Line 18 above | $       14,172.00 |
|    c. Monthly net income (a. minus b.) | $       11,943.00 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Mouras, Belton Jr. _____  Case No. _____
                      Debtor(s)                                        (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **18** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: ___8/14/09___   Signature: _____
                                 **Belton Mouras, Jr.**                              Debtor

Date: _____   Signature: _____
                                                                    (Joint Debtor, if any)

                                           [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____

_____
Address

_____          _____
Signature of Bankruptcy Petition Preparer                                         Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____
(corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____   Signature: _____

                                           _____
                                           (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| LLC'S OLDER THAN 1 YEAR | VALUE | METHOD OF VALUE |
|---|---|---|
| 2006 Birchwood Apartments, LLC - 33% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| JBD, LLC - 33% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Moraine Circle 2005, LLC - 33% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| TBJ Ventures, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Roadrunner Properties, LP - 100% ownership | 31,718.00 | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Jakes Corner, LLC - 9.844% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |

| LLC'S LESS THAN 1 YEAR OLD | VALUE | METHOD OF VALUE |
|---|---|---|
| ATB Ventures, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Blue Stone Ventures, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Dupon 8 Ventures, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Lohi Ventures, LLC - 50% ownership | 127,328.34 | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Marton Properties, LLC - 50% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Mickey Ventures, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| TDK Ventures, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| TECAL Properties, LLC - 100% ownership | 86,582.23 | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| CALTE Properties, LLC - 50% ownership | 350,526.67 | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| TGG Ventures, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| TPAUL, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Tropicon, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| Zenio Ventures, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |
| 8 Palms, LLC - 100% ownership | - | Fair Market Value plus cash in bank less security deposits payable with no allowance for selling expenses. |

EXHIBIT B14

<u>Schedule B - No. 18</u>

Notes receivable
(face value of $643,054; zero value)

NOTE: The first six notes are held by Road Runner, LLC, which is owned 100% by the debtor. These notes were not included in the amount listed on Schedule B, No. 14, and are listed here for disclosure purposes only. The value of these notes is questionable as four of the six notes may be subject to set off and a notice of default has been issued by the lender in the first position on the other two notes. The note held personally may be subject to set off.

- Note receivable held by Road Runner, LLC, from Dolores Sandvick (debtor's wife); 2nd trust deed with a face value of $154,743 with an interest rate of 6.75% and secured by 6380-86 14th Avenue, Sacramento, CA

- Note receivable held by Road Runner, LLC, from Dolores Sandvick; 2nd trust deed with a face value of $50,114 with an interest rate of 6.75% and secured by 6508 Baden Court, Sacramento, CA

- Note receivable held by Road Runner, LLC, from Dolores Sandvick; 2nd trust deed with a face value of $178,100 with an interest rate of 4.60% and secured by 4553/4555 Bomark, Sacramento, CA. This note "wraps" an existing $178,000 first.

- Note receivable held by Road Runner, LLC, from Dolores Sandvick; 2nd trust deed with a face value of $104,885 with an interest rate of 6.75% and secured by 2220/2222 Claremont, Carmichael, CA

- Note receivable held by Road Runner, LLC, from Brad Meyer; 2nd trust deed with a face value of $37,712 with an interest rate of 8.0% and secured by Donegal, Sacramento, CA

- Note receivable held by Road Runner, LLC, from Brad Meyer ; 2nd trust deed with a face value of $38,500 with an interest rate of 8.0% and secured by 7788 Sayonara, Citrus Heights, CA

- Note receivable held by Belton P. Mouras, Jr., from Jason & Yolanda Abernath; 2nd trust deed with a face value of $29,000 with an interest rate of 7.0% and secured by 6066/6068 Ogden Nash, Sacramento, CA

- "Convertable" note from Mavric Media with a face value of $25,000.

- Additional $25,000 investment in Mavric Media in exchange for promise to issue additional stock (never issued).

EXHIBIT B18

# United States Bankruptcy Court
## Eastern District of California

**IN RE:**                                                      Case No. _____

Mouras, Belton  Jr.                                            Chapter **7** _____
                           Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

### 1. Income from employment or operation of business

None ☐  State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 0.00 | 2009 year-to-date |
| 230,000.00 | 2008 wages received from The Mouras Group, Inc. |
| 180,000.00 | 2007 wages received from The Mouras Group, Inc. |

### 2. Income other than from employment or operation of business

None ☐  State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 191,473.00 | 2009 sales of rental properties |
| 108,870.00 | 2008 interest income |
| 70.00 | 2008 dividend income |
| 2,000.00 | 2008 directors fees |
| 268.00 | 2007 wages - casual (not trade/business) |
| 257,250.00 | 2007 interest income |
| 65.00 | 2007 dividend income |
| 1,686.00 | 2007 director fees |

| | |
|---|---|
| 287,037.00 | 2007 sales of rental properties |
| 210,024.00 | 2008 sales of rental properties |
| 2,976.00 | 2009 year-to-date interest income |
| 19.00 | 2009 year-to-date dividend income |
| 1,000.00 | 2009 year-to-date director fees |
| 4,449,123.00 | 2007 rents received (these rents were collected by The Mouras Group (debtor's dba) as well as by debtor's single-member LLC's as considered disregarded entities) |
| 5,263,549.00 | 2008 rents received (these rents were collected by The Mouras Group (debtor's dba) as well as by debtor's single-member LLC's as considered disregarded entities) |
| 1,773,370.00 | 2009 year-to-date rents received (these rents were collected by The Mouras Group (debtor's dba) as well as by debtor's single-member LLC's as considered disregarded entities) |

### 3. Payments to creditors
*Complete a. or b., as appropriate, and c.*

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☐ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENTS/TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Irwin Union<br>P.O. Box 929<br>Columbus, IN 47202 | 1st of each month - $6,485 | 19,455.00 | 980,000.00 |
| See Exhibit 3b | | 0.00 | 0.00 |

None ☐ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| (See Exhibit 3c) | | 0.00 | 0.00 |
| Dolores Mouras | | 0.00 | 0.00 |

In addition to these actual payments, the debtor and his wife generally split responsibility for normal household expenses. Sometimes these expenses are charged on accounts in Dolores Mouras's name and Mr. Mouras contributes funds to either pay all or a portion of those credit card bills directly. Other times, Mr. Mouras reimburses Dolores Mouras for his portion of his living expenses advanced by her.

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| First Federal Bank of California v. Mouras<br>Case No.<br>34-2009-00033039-CU-CO-GDS | Complaint for appointment of receiver, etc. | Sacramento County Superior Court | Receivership in place on January 30, 2009 |
| Exchange Bank v. Mouras<br>Case No. SCV 245576 | Complaint for damages | Sonoma County Superior Court<br>600 Administration Drive, Room 107-J<br>Santa Rosa, CA 95403-2878 | Pending |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding
☑ the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to
☐ the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Washington Mutual P.O. Box 78065 Phoenix, AZ 85062-8065 | | 3625 50th Street 5001 12th Avenue Sacramento, CA 95820 $_____ |
| Washington Mutual P.O. Box 78065 Phoenix, AZ 85062-8065 | | 7776/7778 Lialana Way Citrus Heights, CA 95610 $_____ |

## 6. Assignments and receiverships

None a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.
☑ (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the
☐ commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN (See Exhibit 6b) | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual
☑ gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the
☑ commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt
☐ consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Meegan Hanschu & Kassenbrock 11341 Gold Express Drive, Suite 110 Gold River, CA 95670 | 12/2/08 | 760.75 |
| Meegan Hanschu & Kassenbrock 11341 Gold Express Drive, Suite 110 Gold River, CA 95670 | 1/6/09 | 40.00 |
| Meegan Hanschu & Kassenbrock 11341 Gold Express Drive, Suite 110 Gold River, CA 95670 | 3/27/09 | 10,000.00 |
| Meegan Hanschu & Kassenbrock | 6/2/09 | 25,000.00 |

11341 Gold Express Drive, Suite 110
Gold River, CA 95670

| | | |
|---|---|---|
| Meegan Hanschu & Kassenbrock<br>11341 Gold Express Drive, Suite 110<br>Gold River, CA 95670 | 6/2/09 | 10,000.00 |
| Meegan Hanschu & Kassenbrock<br>11341 Gold Express Drive, Suite 110<br>Gold River, CA 95670 | 7/9/09 | 14,500.00 |

Not all of these payments were for bankruptcy-related services. Meegan, Hanschu & Kassenbrock has provided other legal services to Mr. Mouras for a number of years and a significant portion of these funds were used to pay for those services and other services related to potential claims resolutions.

The debtor paid $25,000 to Meegan, Hanschu & Kassenbrock for bankruptcy services. Of that amount, $12,354.15 remains in trust.

---

10. Other transfers

None   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either
☐      absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or
       chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
       petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|
| John V. Carson<br>441 Estates Drive<br>Sacramento, CA 95864<br>Partner | 2/27/09 | See below explanation and Exhibit<br>10a. |

On February 27, 2009, debtor sold his 50% interest in Carton Properties, LLC, to John V. Carson. Debtor received $150,000 in cash, a 2003 Porsche valued at $50,000, and a $25,000 note reduction to a note that Mouras owes Carson (after crediting the $25,000 reduction the total balance of the note is $125,000). Fifteen properties were included in Carton Properties, LLC. See Exhibit 10a for list of properties.

| | | |
|---|---|---|
| Ferrero Properties, LLC<br>668 North Blossom Road<br>Waterford, CA 95386<br>Debtor-owned entity | September 2008 | 15 properties were sold (see Exhibit<br>10a - Ferrero)<br>$612,870 |

Ferrero Properties, LLC, purchased debtor's 46.5% interest in the 15 properties listed on "Exhibit 10(a) - Ferrero"

| | | |
|---|---|---|
| Walt Marguardt<br>1100 44th Street<br>Sacramento, CA 95819<br>Partner of debtor-owned LLC | 11/24/08 | $172,500 |

Debtor sold his 50% interest in the following three properties to Walt Marquardt: 1750 Vallejo Way ($70,000), 613 Morrison Avenue ($60,000), and 968 Las Palmas Avenue ($42,500).

| | | |
|---|---|---|
| Michael Molloy<br>7867 Labarrington Boulevard<br>Powell, TN 37849 | 5/8/09 | 2003 Porsche<br>$47,500 |
| Don Smith<br>7820 Sierra Drive<br>Granite Bay, CA 95746 | 2/4/09 | 5% interest in Ferraro Properties,<br>LLC<br>$1,000 |

See Below Explanatory Note

The debtor's primary business is the purchase and sale of residential real estate. Within the last two years, the debtor has bought and sold a number of parcels of property, mostly in the Sacramento area. The approximate number of those transactions are as follows:

2009 - sold approximately 6-8 properties and purchased approximately 8-10 properties
2008 - sold approximately 10 properties and purchased approximately 100 properties
2007 - sold approximately 5-6 properties and purchased approximately 30 properties

We believe these transfers fall in the ordinary course of the debtor's business, so no details regarding those transfers are provided. If details are needed, they can be made available.

In addition, in the Fall of 2008, Belton Mouras, M.H. "Moe" Mohanna, and Daniel Dabkoski/ Michele Sandavol agreed to form

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

an LLC for the purpose of acquiring residential real estate for investment purposes. Moe was to put up the money, Belton was to find the properties, and Daniel/Michele were to assist Belton with rehab, etc.

During the period of December 2008 through February 2009, this "organization" purchased 13 different residential properties located in the Sacramento area. These properties were purchased in Belton's name and, immediately after the purchase, loans were placed on each property in favor of Moe.

The Ingear Ventures, LLC, was formed and its operating agreement dated February 2, 2009, was executed by the members referenced above. The 13 properties purchased for the benefit of Ingear Ventures, LLC, were then transferred to the LLC on or about February 13, 2009. Shortly thereafter, the LLC decided to, in essence, dissolve, and in March 2009, Daniel/Michele received one property, subject to liens, on account of their 10% interest in the LLC, and Belton and Moe each personally received title to six properties. In addition, as an equalizing payment, Moe paid Belton $17,500 to account for the perceived economic difference in the equities in the properties. All properties were taken subject to existing liens.

---

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

## 11. Closed financial accounts

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Comerica Bank<br>1717 Main Street<br>Dallas, TX 75201 | Checking Account ending in 7991 | Approximately June 2009 |

Debtor closed numerous Comerica Bank accounts. Please see Exihbit 11 for details pertaining to those account closures.

| | | |
|---|---|---|
| Washington Mutual Bank<br>1301 Second Avenue<br>Seattle, WA 98101 | 393 372992 9 | 2/2/09<br>$3,176 |
| Washington Mutual Bank<br>1301 Second Avenue<br>Seattle, WA 98101 | 326 850898 1 | 2/2/09<br>$5,122.35 |
| Irwin Union<br>P.O. Box 929<br>Columbus, IN 47202 | 83077495 | $44.00<br>5/14/09 |

Debtor closed numerous Irwin Bank accounts. Please see Exihbit 11 for details pertaining to those account closures.

| | | |
|---|---|---|
| Irwin Union<br>P.O. Box 929<br>Columbus, IN 47202 | 83077503 | $44.00<br>4/16/09 |
| Irwin Union<br>P.O. Box 929<br>Columbus, IN 47202 | 83077511 | $5,741.66<br>4/7/09 |

---

## 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 13. Setoffs

None ☐ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| John V. Carson<br>441 Estates Drive<br>Sacramento, CA 95864 | 2/27/09 | 25,000.00 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

See No. 10a, above, for details re: set-off.

| | | |
|---|---|---|
| Exchange Bank | 8/29/08 | 563,580.46 |
| Roseville | | |
| P.O. Box 760 | | |
| Santa Rosa, CA 95402 | | |

$563,580.46 was taken out of Debtor's Exchange Bank CD Liquidation account and applied to debtor's line of credit with Exchange Bank (Loan No. XX269)

| | | |
|---|---|---|
| Umpqua Bank | 4/29/09 | 893,350.49 |
| P.O. Box 1820 | | |
| Roseburg, OR 97470 | | |

$893,350.49 was taken from Debtor's Umpqua Money Market account and applied to Debtor's Umpqua loan (account ending XXXX4002).

| | | |
|---|---|---|
| Silverado Bank | 2/5/09 | 517,022.91 |
| Roseville Branch | | |
| 2270 Douglas Boulevard, Suite 220 | | |
| Roseville, CA 95661 | | |

$517,022.91 was paid from one of Debtor's CD Liquidation accounts and applied to Silverado Bank loan ending in 0714.

| | | |
|---|---|---|
| Mechanics Bank | 4/22/09 | 525,000.00 |
| Roseville Corporate Banking Group | | |
| 725 Alfred Nobel Drive | | |
| Hercules, CA 94547-5610 | | |

Approximately $525,000 was paid from one of Debtor's CD Liquidation accounts and applied to Mechanics Bank loan ending in 9110.

**14. Property held for another person**

None ☐ List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER      DESCRIPTION AND VALUE OF PROPERTY    LOCATION OF PROPERTY
See Below.

Debtor lives with his wife, Delores. They were married on June 12, 2006. This was a second marriage for both. Delores has separate personal and real property. The debtor uses some of his wife's personal property from time to time. Debtor does not "control" this property.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
Dolores Sandvick (aka Dolores Mouras)

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate ☑ the governmental unit to which the notice was sent and the date of the notice.

None c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor ☑ is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

## 18. Nature, location and name of business

None a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates ☐ of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| See Exhibit 18 | | | | |

None b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
☑

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

## 19. Books, records and financial statements

None a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the ☐ keeping of books of account and records of the debtor.

NAME AND ADDRESS | DATES SERVICES RENDERED
Jan Pfister
650 Howe Avenue, Ste. 1020
Sacramento, CA 95825 — 2002 - present

Olsen & Partners, Cpa
2260 Park Towne Circle, Ste. 101
Sacramento, CA 95825 — (tax return preparation only)

None b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account ☑ and records, or prepared a financial statement of the debtor.

None c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the ☐ debtor. If any of the books of account and records are not available, explain.

NAME AND ADDRESS
Jan Pfister
650 Howe Avenue, Ste. 1020
Sacramento, CA 95825

38

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Olsen & Partners, Cpa
2260 Park Towne Circle, Ste. 101
Sacramento, CA 95825

None ✓ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of the case by the debtor.

## 20. Inventories

None ✓ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ✓ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

## 21. Current Partners, Officers, Directors and Shareholders

None ✓ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ✓ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

## 22. Former partners, officers, directors and shareholders

None ✓ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None ✓ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

## 23. Withdrawals from a partnership or distributions by a corporation

None ✓ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

## 24. Tax Consolidation Group

None ✓ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

## 25. Pension Funds.

None ✓ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: 8/14/09    Signature of Debtor _____    **Belton Mouras, Jr.**

Date: _____    Signature of Joint Debtor (if any) _____

_____**0**_ continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## UNSECURED LENDERS
## 3-15-09/6-15-09

| name & address | date paid | payment | balance due |
|---|---|---|---|
| EXCHANGE BANK<br>1420 Rockey Ridge Rd #150<br>Roseville, Ca 95661 | 3/31/2009<br>3/31/2009 | 7,107.66<br>25,000.00 | |
| total due | | | 1,217,000.00 |
| MECHANICS BANK<br>P.O. BOX 4000<br>RICHMOND, CA 94804 | 4/30/2009 | 18,510.00 | |
| total due | | | 465,490.00 |
| SILVERADO<br>2270 Douglas Blvd #220<br>Roseville, Ca 95661 | 3/31/2009<br>5/7/2009 | 16,067.00<br>9,761.00 | |
| total due | | | 488,734.00 |
| UMPQUA<br>P.O. BOX 1580<br>ROSEBURG, OR 97470 | 3/23/2009<br>4/23/2009 | 3,011.96<br>317.34 | |
| total due | | | 93,080.00 |
| IRWIN BANK<br>500 Washington Street<br>COLUMBUS, IN   47201 | 3/30/2009 | 16,353.00 | |
| total due | | | 2,000,000.00 |
| COMERICA<br>2321 Rosecran Ave#5000<br>El Segundo, Ca90245 | | | |
| total due | | | 1,000,000.00 |



# INSIDER PAYMENTS

| name & address | date paid | payment | balance due |
|---|---|---|---|
| Belton P. Mouras, Sr. | 9/1/2008 | 1,250.00 | |
| 222 California Loop | 10/1/2008 | 555.00 | |
| Sacramento, CA 95822 | 11/1/2008 | 553.00 | |
| | 12/1/2008 | 300.00 | |
| | 12/1/2008 | 553.00 | |
| | 1/1/2009 | 553.00 | |
| | 2/1/2009 | 553.50 | |
| | 3/1/2009 | 853.00 | |
| | 4/1/2009 | 853.50 | |
| | 5/1/2009 | 853.50 | |
| | 6/2/2009 | 853.50 | |
| **total due** | | | **45,000.00** |
| | | | |
| Lillian Schwarz | 9/1/2008 | 1,166.67 | |
| 181 Morningside Drive | 10/1/2008 | 1,166.67 | |
| San Francisco, CA 94132 | 11/1/2008 | 1,166.67 | |
| | 12/1/2008 | 1,166.67 | |
| | 1/1/2009 | 1,166.67 | |
| | 2/1/2009 | 1,166.67 | |
| | 3/2/2009 | 1,166.67 | |
| | 4/1/2009 | 1,200.00 | |
| | 5/1/2009 | 1,200.00 | |
| | 6/4/2009 | 1,200.00 | |
| | 7/10/2009 | 1,200.00 | |
| | 8/13/2009 | 1,200.00 | |
| **total due** | | | **100,000.00** |
| | | | |
| JOHNNY V. CARSON | 9/8/2008 | 2,000.00 | |
| 441 ESTATES DRIVE | 10/3/2008 | 2,000.00 | |
| SAC, CA 95864 | 11/6/2008 | 2,000.00 | |
| | 12/5/2008 | 50,000.00 | |
| | 12/5/2008 | 2,000.00 | |
| | 1/7/2009 | 1,500.00 | |
| | 2/6/2009 | 1,500.00 | |
| | 2/27/2009 | 25,000.00 | |
| | 3/5/2009 | 1,075.00 | |
| | 4/10/2009 | 1,250.00 | |
| | 5/13/2009 | 1,250.00 | |
| | 6/1/2009 | 10,000.00 | |
| | 6/8/2009 | 1,250.00 | |
| **total due** | | | **115,000.00** |
| | | | |
| Dolores Mouras | 11/11/2008 | 8,000.00 | |
| 1449 Kingsford Drive | 2/9/2009 | 20,000.00 | |
| Carmichael, CA 95608 | | | |
| **total due** | | | **373,500.00** |



EXHIBIT 3c

## EXHIBIT 6B

The following properties were part of the <u>First Federal Bank of California v. Mouras</u> action, Case No. 34-2009-00033039-CU-CO-GDS, and were placed into receivership on January 30, 2009.

Receiver: Kevin J. Whelan
The Beverly Group, Inc.
P.O. Box 188
Rocklin, CA 95677
916-783-3552

| DESCRIPTION OF PROPERTY | VALUE OF PROPERTY |
|---|---|
| 1027/1029 South Ave | $ 167,054.00 |
| 10945/10947 Gadsten Way | $ 183,416.00 |
| 10952/10954 Hirschfeld Way | $ 162,913.00 |
| 11065/11067 Erla Court | $ 158,368.00 |
| 11077/11079 Erla Court | $ 157,863.00 |
| 1274/1276 Jonas Ave | $ 165,528.00 |
| 2405/2417 Camino Garden Way | $ 231,166.00 |
| 2472/2474 Twin Court | $ 165,438.00 |
| 2645 Capitolas/10178 La Alegriea | $ 159,885.00 |
| 2733/2735 Mendonca Drive | $ 148,896.00 |
| 2939 Del Paso Blvd | $ 133,072.00 |
| 3304 Corbin Way | $ 152,712.00 |
| 4549/4551 Bomark | $ 181,566.00 |
| 4810/4812 Robert Frost Way | $ 215,029.00 |
| 5016 Donovan Drive | $ 161,701.00 |

EXHIBIT 

| DESCRIPTION OF PROPERTY | VALUE OF PROPERTY |
|---|---|
| 5530/5532 Towhee Way | $ 372,690.00 |
| 5869 Ortega/6241 McMahon | $ 107,807.00 |
| 6165 Stoffer Way | $ 160,000.00 |
| 6167 Stoffer Way | $ 130,000.00 |
| 6372/6374/6376/6378 14th Ave | $ 339,204.00 |
| 6427/6429 Santa Catarina Way | $ 149,884.00 |
| 6905/6907 Centennial Way | $ 179,275.00 |
| 6992 Escallonia Drive | $ 199,044.00 |
| 7027/7029 Amsterdam Ave | $ 165,429.00 |
| 7304/7606 Berna Way | $ 166,607.00 |
| 7609/7600 Bogey Court | $ 265,630.00 |
| 7720/7722 Sunset Ave | $ 281,992.00 |
| 7805 Neal Street | $ 170,379.00 |
| 7849/7851 Winding way | $ 180,588.00 |
| 9650/9652 Lake Natoma Drive | $ 308,880.00 |

EXHIBIT A

7002/7004 elmbank

7006/7008 elmbank

7010/7012 elmbank

7014/7016 elmbank

7018/7020 elmbank

7022/7024 elmbank

7026/7028 elmbank

7002/7004 silver canyon

7003/7005 silver canyon

7006/7008 silver canyon

7010/7012 silver canyon

7014/7016 silver canyon

7018/7020 silver canyon

7022/7024 silver canyon

7026/7028 silver canyon

EXHIBIT 10a

Exhibit "A"

Lot 5, Block 16, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (7007/09 Silver Canyon);

Lot 4, Block 16, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (7011/13 Silver Canyon);

Lot 3, Block 16, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (7015/17 Silver Canyon);

Lot 2, Block 16, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (7019/21 Silver Canyon);

Lot 1, Block 16, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (7023/25 Silver Canyon);

Lot 5, Block 13, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (5602/04 Allbrook);

Lot 4, Block 13, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (5606/08 Allbrook);

Lot 3, Block 13, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (5610/12 Allbrook);

Lot 2, Block 13, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (5522/24 Allbrook);

Lot 1, Block 13, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (5526/28 Allbrook);

Lot 15, Block 17, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (5503/5505 Roanwood); and

Lot 14, Block 17, Woodlake Duplex Subdivision Unit 1, Bexar County, Texas, according to plat thereof recorded in Volume 9503, Page 52, Deed and Plat Records of Bexar County, Texas (5507/5509 Roanwood).

EXHIBIT 10a

# EXHIBIT A

MARIO EQUITY PURCHASE

| Property Name | Mrkt Value | rent | Lender Name | Pymt | | mortg bal | Net Equity | 48.5% net equity |
|---|---|---|---|---|---|---|---|---|
| 564 6th Avenue Sacramento, CA 95818 | $350,000.00 | 1,295.00 | First Federal | $1,079.45 | 1st | $275,000.00 | $75,000.00 | $34,875.00 |
| 7601 Center Pkwy/5280 Tangerine Sacramento, CA 95823 | $300,000.00 | 2,090.00 | Bridge Bank | $767.52 | 1st | $175,500.00 | $124,500.00 | $57,892.50 |
| 548 Dekler Sacramento, CA 95831 | $243,000.00 | 1,195.00 | Morris Feldman | $1,239.59 | 1st | $175,000.00 | $68,000.00 | $31,620.00 |
| 6351/6353 Denton Way Citrus Heights, CA 95621 | $320,000.00 | 1,850.00 | PLM | $1,248.87 | 1st | $176,000.00 | $144,000.00 | $66,960.00 |
| 147/149 Fern Court Sacramento, CA 95819 | $404,000.00 | 1,800.00 | First Federal Bank | $1,207.02 | 1st | $307,500.00 | $96,500.00 | $44,872.50 |
| 4432 Forest Parkway Sacramento, CA 95823 | $157,000.00 | 1,185.00 | Nancy Ready | $833.33 | 1st | $100,000.00 | $57,000.00 | $26,505.00 |
| 7418 Moorcrest Way Sacramento, CA 95831 | $405,000.00 | 1,395.00 | First Federal | $1,277.68 | 1st | $325,500.00 | $79,500.00 | $36,967.50 |
| 8844/8848 N. Winding Way Fair Oaks, Ca 95629 | $365,000.00 | 1,725.00 | Wachovia | $1,069.41 | 1st | $285,000.00 | $80,000.00 | $37,200.00 |
| 9921 Redstone Drive Sacramento, CA 95827 | $162,000.00 | 1,195.00 | Morris Feldman | $779.17 | 1st | $110,000.00 | $52,000.00 | $24,180.00 |
| 7634/7636 San Elreson Citrus Heights, CA 95610 | $292,000.00 | 1,700.00 | Irwin Bank | $692.50 | 1st | $204,000.00 | $88,000.00 | $40,920.00 |
| 10415/10420 E. White Rock Way Rancho Cordova CA 95827 | $296,000.00 | 1,990.00 | Irwin Bank | $787.50 | 1st | $180,000.00 | $116,000.00 | $53,475.00 |
| 9219 Tallow Drive Sacramento, CA 95829 | $265,000.00 | 1,395.00 | PLM | $1,253.75 | 1st | $177,000.00 | $88,000.00 | $40,520.00 |
| 2701 V Street Sacramento, CA 95818 | $380,000.00 | 1,390.00 | First Federal | $1,195.28 | 1st | $304,000.00 | $76,000.00 | $35,340.00 |
| 1219/1221 Weyland Ave Sacramento, CA 95826 | $288,000.00 | 1,750.00 | Bridge Bank | $905.83 | 1st | $207,000.00 | $93,000.00 | $43,245.00 |
| 2008/2010 Wyda Way Sacramento, CA 95825 | $295,000.00 | 1,600.00 | Wachovia | $923.52 | 1st | $213,500.00 | $81,500.00 | $37,897.50 |
| total | 4,821,500.00 | 23,585.00 | | 16,476.12 | | 3,518,500.00 | 1,318,500.00 | $12,976.50 |

15

EXHIBIT 10a - Ferrero

| ACCOUNT # | ACCOUNT NAME | AMOUNT OF LAST WITHDRAWAL | DATE OF LAST WITHDRAWAL | DATE ACCOUNT CLOSED |
|---|---|---|---|---|
| 1891557983 | Belton Mouras DBA The Mouras Group | 19.62 | 6/1/2009 | 6/1/2009 |
| 1893139327 | Belton Mouras DBA The Mouras Group (savings) | 23.51 | 9/26/2009 | 9/26/2008 |
| 1893139335 | Belton Mouras Jr (Savings) | 349.17 | 9/26/2008 | 9/26/2008 |
| 8000368293 | Belton Mouras Money Market | 1 | 5/12/2009 | 5/12/2009 |
| 8000823321 | Mouras/Carson Woodlake Duplex | 0 | 5/20/2009 | 5/20/2009 |
| 8000665631 | Mouras/Carson Texas Properties | 0 | 5/20/2009 | 5/20/2009 |
| 8000665607 | Mouras/Carson | 0 | 7/16/2008 | 7/16/2008 |
| 1892053438 | The Mouras Group Inc | 367.55 | 3/27/2009 | 3/27/2009 |
| 1893139319 | The Mouras Group Inc Savings | 0 | 8/22/2008 | 8/22/2008 |
| 1892053719 | Roadrunner Properties | 10.44 | 5/12/2009 | 5/12/2009 |
| 1892857606 | Walton Ventures | 13 | 5/12/2009 | 5/12/2009 |
| 1893139046 | Tecal Properties | 0 | 5/20/2009 | 5/20/2009 |
| 1893139293 | Tropicon LLC | 7.52 | 5/12/2009 | 5/12/2009 |
| 1893139988 | TBJ Ventures | 398.56 | 3/26/2009 | 3/26/2009 |
| 1893139418 | 8Palms LLC | 481.51 | 3/26/2009 | 3/26/2009 |
| 1892857770 | Belton Mouras Retirement | 530.4 | 3/26/2009 | 3/26/2009 |
| 8001463192 | Belton Mouras Jr/Mario Ferrero | 14.25 | 5/12/2009 | 5/12/2009 |
| 8001463309 | Belton Mouras Jr | 11.04 | 5/12/2009 | 5/12/2009 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

EXHIBIT 11

| Entity Name | EIN | Open/Closed/Sold |
|---|---|---|
| 2006 Birchwood Apartments, LLC | 20-4298363 | Active 2/6/06 |
| JBD, LLC | 20-2796212 | Active 1/31/05 |
| Moraine Circle 2005, LLC | 20-3225795 | Active 7/20/05 |
| ATB Ventures, LLC | 26-4154667 | Active 1/29/09 |
| Blue Stone Ventures, LLC | 26-4154495 | Active 1/22/09 |
| Dupon 8 Ventures, LLC | 26-4154589 | Active 1/22/09 |
| Lohi Ventures, LLC | 26-3725261 | Active 11/13/08 |
| Marton Properties, LLC | 26-4171090 | Active 1/30/09 |
| Mickey Ventures, LLC | 26-4154531 | Active 1/22/09 |
| TBJ Ventures, LLC | 26-2336012 | Active 4/3/08 |
| TDK Ventures, LLC | 20-3809815 | Active 10/5/08 |
| Tecal Properties, LLC | 26-0578661 | Active |
| CALTE Properties, LLC | 26-4235222 | Active 3/18/09 |
| TGG Ventures, LLC | 26-4154623 | Active 1/29/09 |
| The Mouras Group, Inc. | 68-0483221 | Active 8/22/01 |
| TPAUL, LLC | 26-2335919 | Active 4/3/08 |
| Tropicon, LLC | 26-2335952 | Active 4/3/08 |
| Zenlo Ventures, LLC | 26-4154562 | Active 1/22/09 |
| 8 Palms, LLC | 26-1993849 | Active |
| Carton Properties, LLC | 26-4235362 | Sold 3/1/09 |
| Roadrunner Properties, LP | 81-0595069 | Active 2/11/03 |
| Jakes Corner, LLC | 03-0579912 | Active |
| Walton Ventures, LLC | 20-2582770 | Dissolved 12/07 |
| Bravo B&D, LLC | 68-0457474 | Active 8/1/00; Closed 2006 |
| Ingear Ventures, LLC | 26-3901508 | Active 12/15/08; Inactive 3/2009 |

EXHIBIT _18_

**United States Bankruptcy Court**
**Eastern District of California**

IN RE:                                                      Case No. _____

Mouras, Belton Jr. _____           Chapter 7 _____
                    Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained
If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).
Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained
If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).
Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>Hal and Karen Shores | **Describe Leased Property:**<br>Debtor has entered a business premises lease individually and db | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☑ Yes  ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes  ☐ No |

_____ continuation sheets attached *(if any)*

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: ____8/ 19/ 09____          _____
                                  Signature of Debtor

                                  _____
                                  Signature of Joint Debtor

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## Eastern District of California

IN RE:                                          Case No. _____

<u>Mouras, Belton</u> _____ Chapter **7** _____

                            Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ........................................................ $ <u>see footnote below</u>

    Prior to the filing of this statement I have received ................................................ $ <u>see footnote below</u>

    Balance Due ........................................................................................ $ _____ **0.00**

2.  The source of the compensation paid to me was: ☑ Debtor   ☐ Other (specify):

3.  The source of compensation to be paid to me is: ☑ Debtor   ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]
    **Footnote: The debtor paid our firm $25,000 for bankruptcy services. Of that amount, $12,354.15 remains in trust.**

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:
    **Legal services, advice, or representation in the areas of labor, taxation, criminal or securities law, or other areas of law designated in writing by Attorneys. Related matters, such as, but not limited to: 11 U.S.C. §§522(f) and 554 motions; representing debtor in adversary proceedings, including, but not limited to: actions to determine dischargeability of a debt (11 U.S.C. §523); litigating exemption objections; avoiding liens; and handling objections to discharge (11 U.S.C. §727).**

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____8/14/09_____
      Date

David M. Meegan 114549
Meegan, Hanschu & Kassenbrock
11341 Gold Express Drive, Suite 110
Gold River, CA 95670-4492
(916) 925-1800 Fax: (916) 925-1265
mgillis@mhksacto.com

© 1993-2009 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

# 11 U.S.C. § 527(a)(2) DISCLOSURE

Under 11 U.S.C. § 527(a)(2), a debt relief agency is required to provide the following written notice to assisted persons filing bankruptcy. You must read and understand the following disclosure and sign where indicated.

You, as an assisted person filing bankruptcy, shall know and understand that:

A.  all information that you are required to provide with a petition and thereafter during a case under this title is required to be complete, accurate, and truthful;

B.  all assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in section 506 must be stated in those documents where requested after reasonable inquiry to establish such value;

C.  current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13 of this title, disposable income (determined in accordance with section 707(b)(2)), are required to be stated after reasonable inquiry; and

D.  information that an assisted person provides during their case may be audited pursuant to this title, and that failure to provide such information may result in dismissal of the case under this title or other sanction, including criminal sanction.

The undersigned acknowledges receipt of this disclosure required by 11 U.S.C. § 527(a)(2). I/We have read and understand its contents and the implications associated with failing to honestly provide information about our income, expenses, property, and other financial circumstances.

Date:

_____
Debtor


_____
Joint Debtor (if applicable)

# 11 U.S.C. § 527(B) DISCLOSURE

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a "trustee" and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

The undersigned acknowledges receipt of this disclosure required by 11 U.S.C. § 527(b).

Date:

_____
Debtor

_____
Joint Debtor (if applicable)

*57*

B22A (Official Form 22A) (Chapter 7) (12/08)

In re: <u>Mouras, Belton  Jr.</u>
Debtor(s)

Case Number: _____
(If known)

According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises**
☐ **The presumption does not arise**
☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|

| | |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☑ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>    a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>        OR<br><br>    b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on which is less than 540 days before this bankruptcy case was filed. |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

2009-37262
FILED
August 14, 2009
4:09 PM
RELIEF ORDERED
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002025772

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ **Married, not filing jointly, with declaration of separate households.** By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ **Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ **Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>| a. | Gross receipts | $ |<br>| b. | Ordinary and necessary business expenses | $ |<br>| c. | Business income | Subtract Line b from Line a | | $ | $ |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>| a. | Gross receipts | $ |<br>| b. | Ordinary and necessary operating expenses | $ |<br>| c. | Rent and other real property income | Subtract Line b from Line a | | $ | $ |
| 6 | **Interest, dividends, and royalties.** | $ | $ |
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>| Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $ _____ | Spouse $ _____ | | $ | $ |

| | | | |
|---|---|---|---|
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
| | a. | $ | |
| | b. | $ | |
| | Total and enter on Line 10 | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ | |

## Part III. APPLICATION OF § 707(B)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  a. Enter debtor's state of residence: _____ b. Enter debtor's household size: ____ | $ |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.  ☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII.  ☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

## Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| | a. | $ |
| | b. | $ |
| | c. | $ |
| | Total and enter on Line 17. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

3

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Household members under 65 years of age | | Household members 65 years of age or older | |
|---|---|---|---|
| a1. | Allowance per member | a2. | Allowance per member |
| b1. | Number of members | b2. | Number of members |
| c1. | Subtotal | c2. | Subtotal |

(right column bottom) $

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

(right column bottom) $

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0 ☐ 1 ☐ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

4

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | | | |
|---|---|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☐ 1 ☐ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | | |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a |

$

| | |
|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b *the total* of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs, Second Car | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a |

$

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare — such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service — such as pagers, call waiting, caller id, special long distance, or internet service — to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

© 1983-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | Subpart B: Additional Living Expense Deductions<br>Note: Do not include any expenses that you have listed in Lines 19-32 | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>| a. | Health Insurance | $ |<br>| b. | Disability Insurance | $ |<br>| c. | Health Savings Account | $ |<br><br>Total and enter on Line 34<br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br><br>$ _____ | $ |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| b. | | | $ | ☐ yes ☐ no |
| c. | | | $ | ☐ yes ☐ no |
| | | | Total: Add lines a, b and c. | |

(Line 42 total) $

| | Other payments on secured claims. If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | Total: Add lines a, b and c. | |

43 — (total) $

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

| a. | Projected average monthly chapter 13 plan payment. | $ |
|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | X |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

(Line 45 total) $

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

| | Subpart D: Total Deductions from Income | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| | | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| | |
|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ **The amount set forth on Line 51 is more than $10,950.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 though 55). |

| | | |
|---|---|---|
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| | |
|---|---|
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| | |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

## Part VIII. VERIFICATION

| | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: 8/14/09  Signature: _____ (Debtor)<br><br>Date: _____  Signature: _____ (Joint Debtor, if any) |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only