FILED
September 04, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002069197

Thomas A. Aceituno
PO Box 189
Folsom, CA 95763-0189
Telephone: (916) 985-6486
e-mail: trustee@acetrustee.com

Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re,

BELTON MOURAS JR.

Debtor(s)

Case No. 09-37262-B-7

DCN: TAA-1
DATE: September 22, 2009
TIME: 9:32 AM
DEPT.: B

MOTION TO ABANDON ASSETS OR IN THE ALTERNATIVE OPERATE THE

BUSINESS OF THE DEBTOR

and

DECLARATION OF THOMAS A. ACEITUNO

I, THOMAS A. ACEITUNO, the duly appointed trustee in the above entitled matter, hereby move for an order authorizing the abandonment of assets or in the alternative authority to operate the business of the Debtor as follows:

1. The Debtor herein filed bankruptcy on August 14, 2009. I have been appointed Trustee for the bankruptcy estate.

2. The Debtor owns sixty (60) parcels of real property in the Sacramento area consisting of single family residential units and duplexes[1]. A complete listing of the properties is filed herein as Exhibit 1. I am proposing to abandon these assets.

3. I believe these assets have no significant value to the estate for the following reasons:

   a. With one exception, the outstanding secured obligations owed by the Debtor exceed the market value of each of the properties, and in the case of the single exception, there is less than $15,000 in total apparent equity.

   b. Most of the properties are currently occupied by renters however, the rental income is insufficient to produce a positive case flow from the properties.

   c. The ongoing cost of maintenance and management will further erode the potential value of the properties.

   d. The current real estate market conditions in the Sacramento region do not suggest any significant improvement in market values for the foreseeable future.

4. If the court does not approve abandonment of the properties, it would be necessary to operate the Debtor's rental property business. At the present time, some of the Debtor's properties are being managed under the auspices of a Receiver as a result of an action brought in state court by creditor First Federal Bank. The Receiver has retained a property management firm to manage the properties under his responsibility. Properties which are not under the Receiver are currently managed by The Mouras Group, Inc, a corporation which is wholly owned by the Debtor. In both cases, I have requested that all further

---

[1] There are 254 additional real property assets which the Debtor owns under various LLC's. While the estate owns an interest in the LLC's, the estate is not taking direct control over the operation and management of the properties held by the LLC's at this time.

receipts from the properties be turned over to the estate. However, it has become evident that active management of the Properties would be required, including retention of a property management firm to handle day-to-day activities. This management would include routine maintenance, collection of rents, and other expenses incurred in the ordinary course of conducting a rental property business.

5. If the court grants authority to operate the business of the Debtor, I am proposing to return to the "status quo" which is to allow the Receiver to continue to manage those properties under his stewardship and to allow Mouras Group Inc., to manage those properties which are not under the Receiver. Both would report all income and expenditures to my office and turnover to my office all funds not necessary to pay reasonable operating expenses (including property taxes, insurance, the Receiver's compensation and reasonable fees for property management, but not including payments on secured loans). Funds turned over to the estate would be held pending further order of this court.

For the reasons above, I pray for an order of the court as follows:

1. Authorizing the abandonment of the assets described above, or in the alternative:

2. Authorizing the operation of the Debtor's rental property business as described above.

Respectfully submitted:

DATE: September 4, 2009 /s/ Thomas A. Aceituno

DECLARATION OF THOMAS A. ACEITUNO

I, Thomas A. Aceituno, hereby declare under penalty of perjury:

1. I am the Trustee in this case.

2. I have reviewed all of the foregoing and it is true and correct and if called I would so testify.

DATE: September 4, 2009                    /s/ Thomas A. Aceituno