FILED
September 10, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002078741

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

In re

Belton Mouras, Jr.

Case No. 09-37262-B-7

Debtor(s).

**AMENDMENT COVER SHEET**

Amendment(s) to the following petition, list(s), schedule(s), or statement(s) are attached hereto:
- ☐ Petition
- ☒ Statement of Financial Affairs
- ☐ Creditor Matrix
- ☐ Statement of Intention
- ☐ List of 20 Largest Unsecured Creditors
- ☐ List of Equity Security Holders
- ☐ Schedules (check appropriate boxes). *See Instruction #4 below.*
  - ☐ A  ☐ B  ☐ C  ☐ D  ☐ E  ☐ F  ☐ G  ☐ H  ☐ I  ☐ J
- ☐ Summary of Schedules (includes Statistical Summary of Certain Liabilities and Related Data)
  ***REQUIRED IF AMENDING SCHEDULE(S) A, B, D, E, F, I, OR J.***

Purpose of amendment (check one):
- ☐ To add pre-petition creditors, delete creditors, change amounts owed or classification of debt (**$26.00 fee required**, provided the judge may, for good cause, waive the charge in any case.) NOTE: Lists, schedules and statements that add or change creditors **must** be accompanied by an amended matrix listing only the creditors added or changed.
- ☐ No pre-petition creditors were added, creditors deleted, or amounts owed or classifications of debt changed.

### NOTICE OF AMENDMENT TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) checked above has been given this date to the Trustee in this case, and to any and all entities affected by the amendment, together with a copy of the notice of meeting of creditors, the discharge (if one has been entered), a subsequent notice to file claims (if one has been issued), and any other document affecting the rights of the added creditors. (**NOTE:** Proof of service, indicating that service has been made, must be filed with the Court.)

Dated: 9|10|09    Attorney's [or *Pro Se* Debtor's] Signature: _____
Printed Name: David M. Meegan
Mailing Address: 11341 Gold Express Drive, Suite 110
Gold River, CA 95670

### DECLARATION BY DEBTOR

I(We), the undersigned debtor(s), hereby declare under penalty of perjury that the information set forth in the amendment(s) attached hereto, consisting of 9 pages, is true and correct to the best of my(our) information and belief.

Dated:                                              Dated:

_____             _____
Debtor's Signature                              Joint Debtor's Signature

### INSTRUCTIONS

1. Use this cover sheet ONLY when filing amended petitions, lists, schedules and statements. *Do not use an amendment cover sheet when submitting amended plans or amendments to plans.*
2. Include the word "Amended" in the title of each amended document.
3. Amendments to property schedules (A and B), creditor schedules (D, E, and F), or income/expenses schedules (I and J) must be accompanied by an amended Summary of Schedules. Updates to the schedule totals will not be made unless the summary is filed.
4. Amendments to add creditors or change their names/addresses must consist of the amended schedule(s) with a notation to the right of the creditor entry of "A" if the creditor is being added or "C" if it is being changed. **Failure to include "A" and "C" notations on amended schedules may result in duplicate or multiple listings on master mailing lists.**
5. Amendments which add or change creditors must be accompanied by a separately filed amended matrix containing ONLY the additions/changes so that the creditors may be downloaded into the case. The matrix must not contain the "A" or "C" notations.
6. When e-Filing an amended matrix, you must submit two separate files: a PDF file containing the amendment cover sheet for the matrix, and a text file containing the creditors in the standard master address list format. These two files must be uploaded together.
7. Federal Rule of Bankruptcy Procedure 1009 requires the debtor to give notice of an amendment to the trustee and to any entity affected thereby. **Notice of the amendment WILL NOT be given by the Clerk's Office.** To comply with this requirement, the debtor's attorney or *Pro Se* debtor must give notice to the trustee and any entity affected by the amendment by serving all previous court notices including, but not limited to, the notice of meeting of creditors, discharge of debtor, etc. A proof of service, indicating that service has been made, must be filed with the court.
8. Checks and money orders should be payable to "Clerk, U.S. Bankruptcy Court." (**NOTE: No personal checks will be accepted.**)

EDC 2-015 (Rev. 7/09)

**United States Bankruptcy Court**
**Eastern District of California**

IN RE:                                                 Case No. **09-37262-B-7**

**Mouras, Belton Jr.**                             Chapter **7**
                    Debtor(s)

## AMENDED STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---:|---|
| 0.00 | 2009 year-to-date |
| 230,000.00 | 2008 wages received from The Mouras Group, Inc. |
| 180,000.00 | 2007 wages received from The Mouras Group, Inc. |

**2. Income other than from employment or operation of business**

None ☐   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---:|---|
| 191,473.00 | 2009 sales of rental properties |
| 108,870.00 | 2008 interest income |
| 70.00 | 2008 dividend income |
| 2,000.00 | 2008 directors fees |
| 268.00 | 2007 wages - casual (not trade/business) |
| 257,250.00 | 2007 interest income |
| 65.00 | 2007 dividend income |
| 1,686.00 | 2007 director fees |

| 287,037.00 | 2007 sales of rental properties |
| 210,024.00 | 2008 sales of rental properties |
| 2,976.00 | 2009 year-to-date interest income |
| 19.00 | 2009 year-to-date dividend income |
| 1,000.00 | 2009 year-to-date director fees |
| 4,449,123.00 | 2007 rents received (these rents were collected by The Mouras Group (debtor's dba) as well as by debtor's single-member LLC's as considered disregarded entities) |
| 5,263,549.00 | 2008 rents received (these rents were collected by The Mouras Group (debtor's dba) as well as by debtor's single-member LLC's as considered disregarded entities) |
| 1,773,370.00 | 2009 year-to-date rents received (these rents were collected by The Mouras Group (debtor's dba) as well as by debtor's single-member LLC's as considered disregarded entities) |

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

None ☑ a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☐ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENTS/TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Irwin Union**<br>P.O. Box 929<br>Columbus, IN 47202 | **1st of each month - $6,485** | 19,455.00 | 980,000.00 |
| See Exhibit 3b | | 0.00 | 0.00 |

None ☐ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| (See Exhibit 3c) | | 0.00 | 0.00 |
| **Dolores Mouras** | | 0.00 | 0.00 |

In addition to these actual payments, the debtor and his wife generally split responsibility for normal household expenses. Sometimes these expenses are charged on accounts in Dolores Mouras's name and Mr. Mouras contributes funds to either pay all or a portion of those credit card bills directly. Other times, Mr. Mouras reimburses Dolores Mouras for his portion of his living expenses advanced by her.

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **First Federal Bank of California v. Mouras** Case No. 34-2009-00033039-CU-CO-GDS | **Complaint for appointment of receiver, etc.** | **Sacramento County Superior Court** | **Receivership in place on January 30, 2009** |
| **Exchange Bank v. Mouras** Case No. SCV 245576 | **Complaint for damages** | **Sonoma County Superior Court** 600 Administration Drive, Room 107-J Santa Rosa, CA 95403-2878 | Pending |

<sup>None</sup> b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding
☑ the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

<sup>None</sup> List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to
☐ the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Washington Mutual<br>P.O. Box 78065<br>Phoenix, AZ 85062-8065 | | 3625 50th Street<br>5001 12th Avenue<br>Sacramento, CA 95820<br>Value unknown |
| Washington Mutual<br>P.O. Box 78065<br>Phoenix, AZ 85062-8065 | | 7776/7778 Lialana Way<br>Citrus Heights, CA 95610<br>Value unknown |

## 6. Assignments and receiverships

<sup>None</sup> a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.
☑ (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

<sup>None</sup> b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the
☐ commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN<br>(See Exhibit 6b) | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

<sup>None</sup> List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual
☑ gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

<sup>None</sup> List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the**
☑ **commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

<sup>None</sup> List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt
☐ consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Meegan Hanschu & Kassenbrock<br>11341 Gold Express Drive, Suite 110<br>Gold River, CA 95670 | 12/2/08 | 760.75 |
| Meegan Hanschu & Kassenbrock<br>11341 Gold Express Drive, Suite 110<br>Gold River, CA 95670 | 1/6/09 | 40.00 |
| Meegan Hanschu & Kassenbrock<br>11341 Gold Express Drive, Suite 110<br>Gold River, CA 95670 | 3/27/09 | 10,000.00 |
| Meegan Hanschu & Kassenbrock | 6/2/09 | 25,000.00 |

11341 Gold Express Drive, Suite 110
Gold River, CA 95670

| | | |
|---|---|---|
| Meegan Hanschu & Kassenbrock<br>11341 Gold Express Drive, Suite 110<br>Gold River, CA 95670 | 6/2/09 | 10,000.00 |
| Meegan Hanschu & Kassenbrock<br>11341 Gold Express Drive, Suite 110<br>Gold River, CA 95670 | 7/9/09 | 14,500.00 |

Not all of these payments were for bankruptcy-related services. Meegan, Hanschu & Kassenbrock has provided other legal services to Mr. Mouras for a number of years and a significant portion of these funds were used to pay for those services and other services related to potential claims resolutions.

The debtor paid $25,000 to Meegan, Hanschu & Kassenbrock for bankruptcy services. Of that amount, $12,354.15 remains in trust.

## 10. Other transfers

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|
| John V. Carson<br>441 Estates Drive<br>Sacramento, CA 95864<br>Partner | 2/27/09 | See below explanation and Exhibit 10a. |

On February 27, 2009, debtor sold his 50% interest in Carton Properties, LLC, to John V. Carson. Debtor received $150,000 in cash, a 2003 Porsche valued at $50,000, and a $25,000 note reduction to a note that Mouras owes Carson (after crediting the $25,000 reduction the total balance of the note is $125,000). Fifteen properties were included in Carton Properties, LLC. See Exhibit 10a for list of properties.

| | | |
|---|---|---|
| Ferrero Properties, LLC<br>668 North Blossom Road<br>Waterford, CA 95386<br>Debtor-owned entity | September 2008 | 15 properties were sold (see Exhibit 10a - Ferrero)<br>$612,870 |

Ferrero Properties, LLC, purchased debtor's 46.5% interest in the 15 properties listed on "Exhibit 10(a) - Ferrero"

| | | |
|---|---|---|
| Walt Marguardt<br>1100 44th Street<br>Sacramento, CA 95819<br>Partner of debtor-owned LLC | 11/24/08 | $172,500 |

Debtor sold his 50% interest in the following three properties to Walt Marquardt: 1750 Vallejo Way ($70,000), 613 Morrison Avenue ($60,000), and 968 Las Palmas Avenue ($42,500).

| | | |
|---|---|---|
| Michael Molloy<br>7867 Labarrington Boulevard<br>Powell, TN 37849 | 5/8/09 | 2003 Porsche<br>$47,500 |
| Don Smith<br>7820 Sierra Drive<br>Granite Bay, CA 95746 | 2/4/09 | 5% interest in Ferraro Properties, LLC<br>$1,000 |

See Below Explanatory Note

The debtor's primary business is the purchase and sale of residential real estate. Within the last two years, the debtor has bought and sold a number of parcels of property, mostly in the Sacramento area. The approximate number of those transactions are as follows:

2009 - sold approximately 6-8 properties and purchased approximately 8-10 properties
2008 - sold approximately 10 properties and purchased approximately 100 properties
2007 - sold approximately 5-6 properties and purchased approximately 30 properties

We believe these transfers fall in the ordinary course of the debtor's business, so no details regarding those transfers are provided. If details are needed, they can be made available.

In addition, in the Fall of 2008, Belton Mouras, M.H. "Moe" Mohanna, and Daniel Dabkoski/ Michele Sandavol agreed to form

4

an LLC for the purpose of acquiring residential real estate for investment purposes. Moe was to put up the money, Belton was to find the properties, and Daniel/Michele were to assist Belton with rehab, etc.

During the period of December 2008 through February 2009, this "organization" purchased 13 different residential properties located in the Sacramento area. These properties were purchased in Belton's name and, immediately after the purchase, loans were placed on each property in favor of Moe.

The Ingear Ventures, LLC, was formed and its operating agreement dated February 2, 2009, was executed by the members referenced above. The 13 properties purchased for the benefit of Ingear Ventures, LLC, were then transferred to the LLC on or about February 13, 2009. Shortly thereafter, the LLC decided to, in essence, dissolve, and in March 2009, Daniel/Michele received one property, subject to liens, on account of their 10% interest in the LLC, and Belton and Moe each personally received title to six properties. In addition, as an equalizing payment, Moe paid Belton $17,500 to account for the perceived economic difference in the equities in the properties. All properties were taken subject to existing liens.

| | | |
|---|---|---|
| Silverado Bank<br>2865 Sunrise Blvd., Ste. 112<br>Rancho Cordova, CA  95742 | 2/5/09 | As part of a loan restructure, debtor pledged his interest in 8 Palms, LLC (properties: 5024 Polk Street, 6925 5th Parkway, 6919 5th Parkway) |

[AMENDMENT: ABOVE TRANSACTION ADDED]

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

## 11. Closed financial accounts

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Comerica Bank<br>1717 Main Street<br>Dallas, TX  75201 | Checking Account ending in 7991 | Approximately June 2009 |
| Debtor closed numerous Comerica Bank accounts. Please see Exihbit 11 for details pertaining to those account closures. | | |
| Washington Mutual Bank<br>1301 Second Avenue<br>Seattle, WA  98101 | 393 372992 9 | 2/2/09<br>$3,176 |
| Washington Mutual Bank<br>1301 Second Avenue<br>Seattle, WA  98101 | 326 850898 1 | 2/2/09<br>$5,122.35 |
| Irwin Union<br>P.O. Box 929<br>Columbus, IN  47202 | 83077495 | $44.00<br>5/14/09 |
| Debtor closed numerous Irwin Bank accounts. Please see Exihbit 11 for details pertaining to those account closures. | | |
| Irwin Union<br>P.O. Box 929<br>Columbus, IN  47202 | 83077503 | $44.00<br>4/16/09 |
| Irwin Union<br>P.O. Box 929<br>Columbus, IN  47202 | 83077511 | $5,741.66<br>4/7/09 |

## 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

### 13. Setoffs

None ☐ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| John V. Carson<br>441 Estates Drive<br>Sacramento, CA 95864 | 2/27/09 | 25,000.00 |

See No. 10a, above, for details re: set-off.

| | | |
|---|---|---|
| Exchange Bank<br>Roseville<br>P.O. Box 760<br>Santa Rosa, CA 95402 | 8/29/08 | 563,580.46 |

$563,580.46 was taken out of Debtor's Exchange Bank CD Liquidation account and applied to debtor's line of credit with Exchange Bank (Loan No. XX269)

| | | |
|---|---|---|
| Umpqua Bank<br>P.O. Box 1820<br>Roseburg, OR 97470 | 4/29/09 | 893,350.49 |

$893,350.49 was taken from Debtor's Umpqua Money Market account and applied to Debtor's Umpqua loan (account ending XXXX4002).

| | | |
|---|---|---|
| Silverado Bank<br>Roseville Branch<br>2270 Douglas Boulevard, Suite 220<br>Roseville, CA 95661 | 2/5/09 | 517,022.91 |

$517,022.91 was paid from one of Debtor's CD Liquidation accounts and applied to Silverado Bank loan ending in 0714.

| | | |
|---|---|---|
| Mechanics Bank<br>Roseville Corporate Banking Group<br>725 Alfred Nobel Drive<br>Hercules, CA 94547-5610 | 4/22/09 | 525,000.00 |

Approximately $525,000 was paid from one of Debtor's CD Liquidation accounts and applied to Mechanics Bank loan ending in 9110.

### 14. Property held for another person

None ☐ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| See Below. | | |

Debtor lives with his wife, Delores. They were married on June 12, 2006. This was a second marriage for both. Delores has separate personal and real property. The debtor uses some of his wife's personal property from time to time. Debtor does not "control" this property.

### 15. Prior address of debtor

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

### 16. Spouses and Former Spouses

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
**Dolores Sandvick (aka Dolores Mouras)**

6

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☐ a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **See Exhibit 18** | | | | |

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Jan Pfister** | **2002 - present** |

650 Howe Avenue, Ste. 1020
Sacramento, CA 95825

Olsen & Partners, Cpa  (tax return preparation only)
2260 Park Towne Circle, Ste. 101
Sacramento, CA 95825

| None | ☑ | b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor. |

| None | ☐ | c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain. |

NAME AND ADDRESS
**Jan Pfister**
650 Howe Avenue, Ste. 1020
Sacramento, CA 95825

**Olsen & Partners, Cpa**
2260 Park Towne Circle, Ste. 101
Sacramento, CA 95825

| None | ☑ | d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of the case by the debtor. |

### 20. Inventories

| None | ☑ | a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. |

| None | ☑ | b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above. |

### 21. Current Partners, Officers, Directors and Shareholders

| None | ☑ | a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. |

| None | ☑ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |

### 22. Former partners, officers, directors and shareholders

| None | ☑ | a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case. |

| None | ☑ | b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case. |

### 23. Withdrawals from a partnership or distributions by a corporation

| None | ☑ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case. |

### 24. Tax Consolidation Group

| None | ☑ | If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case. |

### 25. Pension Funds.

| None | ☑ | If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case. |

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: _____  Signature _____
                                of Debtor                            Belton Mouras, Jr.

Date: _____  Signature _____
                                of Joint Debtor
                                (if any)

_____**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only